DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas, following a jury trial, in which appellant, James R. Arnold, was found guilty of one count of sexual battery, in violation of R.C. 2907.03.
{¶ 2} On appeal, appellant sets forth the following four assignments of error:
{¶ 3} "I. The trial court erred in ruling the appellee could make gender based peremptory challenges.
{¶ 4} "II. The appellee failed to establish a gender-neutral basis for striking female venire members, thus violating the constitutional rights of the appellant and the excluded jurors.
{¶ 5} "III. The trial court erred in permitting the appellee to elicit victim impact evidence during the guilt phase of the trial.
{¶ 6} "IV. The trial court erred in permitting the appellee to introduce irrelevant evidence of unproven misconduct during the sentencing of the appellant and in considering this evidence in sentencing the defendant."
{¶ 7} The undisputed facts are as follows. On February 7, 2002, the Wood County Grand Jury indicted appellant, James R. Arnold, on one count of sexual assault. The charge arose from an incident involving Valerie Pelphrey, a student at Bowling Green State University.
{¶ 8} A jury trial commenced on December 17, 2002. During the jury selection process, the prosecution began exercising its peremptory challenges against certain jurors, all of which were female. After the third prospective female juror was excused by the prosecution, defense counsel objected on the basis that the prosecution was removing jurors based only on their gender, in violation of Batson v. Kentucky, (1986),476 U.S. 79. The trial court responded by stating its belief that "Batson [sic] only goes to race * * *." The prosecutor then responded:
{¶ 9} "I believe so, Your Honor, and I'm not doing it based on sex alone, anyway."
{¶ 10} After the above exchange took place, the trial court overruled defense counsel's objection. Thereafter, the prosecution exercised its last peremptory challenge by excluding another female juror. At that point, the defense renewed its objection based on Batson, supra. The trial court again overruled counsel's objection and excused the fourth female juror. The jury that remained after both sides' peremptory challenges were exhausted consisted of five female and seven male members, and two male alternates. The trial then continued.
{¶ 11} On December 19, 2002, the jury found appellant guilty of sexual battery. On February 6, 2003, a combined sexual predator determination hearing and sentencing hearing was held. On February 10, 2003, the trial court filed a judgment entry in which it found that appellant is a sexually oriented offender, and sentenced him to serve a prison term of one year. A timely notice of appeal was filed.
{¶ 12} It is undisputed on appeal that the trial court erred by finding that Batson does not apply in instances involving alleged gender discrimination during jury selection. However, appellant argues on appeal that the trial court's failure to hold a Batson hearing violated his constitutional rights to such an extent that he is entitled to a new trial. In contrast, the state argues that the case should be remanded so that the trial court can now hold a Batson hearing to determine whether appellant's constitutional rights were, indeed, violated.
{¶ 13} In Batson v. Kentucky (1987), 476 U.S. 79, the United States Supreme Court held that a defendant in a criminal trial has the "right to be tried by a jury whose members are selected pursuant to non-discriminatory criteria." Id., at 85-86. Accordingly, the prosecution's use of peremptory challenges is subject to analysis under the Equal Protection Clause of the United States Constitution. Id. In order to establish a prima facie case of purposeful discrimination, a defendant must show:
{¶ 14} "[First,] that he is a member of a cognizable racial group, * * * and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits `those to discriminate who are of a mind to discriminate.' Avery v. Georgia (1953), 345 U.S. 559, 562. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. * * *" Id. at 96. (Other citations omitted.) Once a defendant has made a prima facie showing as stated above, "the burden shifts to the State to come forward with a neutral explanation for challenging black jurors." Id. at 97.
{¶ 15} In J.E.B. v. Alabama, ex rel. T.B. (1994), 511 U.S. 127, the United States Supreme Court held that, although the test outlined in Batson was originally intended to eliminate racial discrimination during jury selection, it must also be extended to include instances involving alleged gender discrimination. In so doing, the Supreme Court observed:
{¶ 16} "[t]he potential for cynicism [regarding the jury's neutrality] is particularly acute in cases where gender-related issues are prominent, such as cases involving rape, sexual harassment, or paternity. Discriminatory use of peremptory challenges may create the impression that the judicial system has acquiesced in suppressing full participation by one gender or that the `deck has been stacked' in favor of one side. * * *" Id. at 140. The Supreme Court further stated that, in such cases, "individual jurors themselves have a right to nondiscriminatory jury selection." Id. (Citations omitted.)
{¶ 17} The Ohio Supreme Court has recognized that the prohibition on the use of race-based challenges during jury selection, as established in Batson, supra, was extended to gender-based challenges in J.E.B., supra. See State v. Gowdy (2000), 88 Ohio St.3d 387, 393. In Gowdy, the Ohio Supreme Court observed that:
{¶ 18} "[T]he Fourteenth Amendment protects the rights of a prospective juror from the use of discriminatory challenges * * *. The exercise of even one peremptory challenge in a purposefully discriminatory manner would violate equal protection." Id., citing State v. White (1999), 85 Ohio St.3d 433, 436.
{¶ 19} This court has reviewed the entire record of proceedings in the trial court and, upon consideration thereof and the law, finds that the trial court did err as a matter of law when it failed to find that the requirements announced in Batson regarding racial discrimination during jury selection have been extended by the United States Supreme Court to cases involving alleged gender discrimination. In addition, we further find that the trial court's failure to require the prosecutor to provide a gender-neutral explanation for his exclusion of female prospective jurors violated both appellant's and the prospective jurors' constitutional right to non-discriminatory jury selection to such an extent that appellant is entitled to a new trial. Appellant's first and second assignments of error are well-taken.
{¶ 20} On consideration of our disposition as to appellant's first and second assignments of error, appellant's third and fourth assignments of error are moot.
{¶ 21} The judgment of the Wood County Court of Common Pleas is hereby reversed. Appellant's conviction is vacated and the case is remanded to the trial court for a new trial. Court costs of these proceedings are assessed to appellee, the state of Ohio.
 JUDGMENT REVERSED.